DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Vincent M. Niepsuj, appeals the decision of the Summit County Court of Common Pleas, which dismissed appellant's complaint and amended complaint as to appellee, Summa Health System, on the basis of res judicata. This Court reverses and remands for further proceedings.
 I. {¶ 2} On August 1, 2002, appellant filed complaint CV 2002-080-4279 with the Summit County Court of Common Pleas. The trial court dismissed that case on October 28, 2002. On October 25, 2002, appellant filed complaint CV 2002-10-6033 in the Summit County Court of Common Pleas, which specifically named appellee as one of the defendants. Appellant later amended his complaint. From January 24, 2003, through April 11, 2003, the trial court dismissed numerous defendants from the case. On March 20, 2003, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and appellant filed two responses to the motion. On April 11, 2003, the trial court issued an order titled "Judgment on Motion to Dismiss", in which it granted appellee's motion and dismissed appellant's complaint and amended complaint with prejudice as to appellee. Within the judgment entry, the trial court ordered the dismissal on the basis of res judicata.
 {¶ 3} Appellant timely appealed the trial court's dismissal of his complaint and amended complaint as to appellee. He has set forth one assignment of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court abused it[s] discretion in granting dismissal of Summa Health System without allowing essential due process."
 {¶ 4} In his sole assignment of error, appellant argues the trial court abused its discretion when it granted dismissal of appellee from appellant's complaint and amended complaint. This Court agrees.
 {¶ 5} A trial court's decision to grant a motion to dismiss is reviewed de novo. Shockey v. Fouty (1995),106 Ohio App.3d 420, 424. In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court cannot rely upon materials or evidence outside of the complaint. State ex rel. Fuqua v. Alexander (1997),79 Ohio St.3d 206, 207. The trial court must review only the complaint and may dismiss the case only if it appears "beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, syllabus. Should a court choose to consider evidence outside the pleadings, it must convert the motion to dismiss into a motion for summary judgment and provide the parties with sufficient notice of its intent to do so. Civ.R. 12(B); State ex rel. The V. Cos. v. Marshall
(1998), 81 Ohio St.3d 467, 470.
 {¶ 6} Furthermore, res judicata is an affirmative defense. Civ.R. 8(C). Civ.R.12(B) provides that every defense shall be asserted in a responsive pleading, with an exception:
"[T]he following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under rule 19 or rule 19.1."
 {¶ 7} The defense of res judicata is not one of the defenses listed; therefore, res judicata is not properly decided in a motion to dismiss. State ex rel. Freeman v. Morris (1991),62 Ohio St.3d 107, 109; Shaper v. Tracy (1995),73 Ohio St.3d 1211, 1212. See, also, Costoff v. Akron Gen. Med. Ctr., 9th Dist. No. 21213, 2003-Ohio-962, at ¶ 14, and Hamrick v.DaimlerChrysler Motors, 9th Dist. No. 02CA008191, 2003-Ohio-3150, at ¶ 7.
 {¶ 8} Upon review of the instant case, this Court finds the trial court erred when it granted appellee's motion to dismiss based upon res judicata. We also note that the trial court did not convert appellee's motion to dismiss into a motion for summary judgment, and therefore could not consider evidence outside the pleadings. This Court finds appellant's complaint and amended complaint were improperly dismissed as to appellee. Appellant's sole assignment of error is sustained.
 III. {¶ 9} Accordingly, the judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
BAIRD, P.J. and BATCHELDER, J. CONCUR.