DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Patrick and Davene Garvey (hereinafter the "Garveys"), appeal from the decisions of the Summit County Court of Common Pleas that granted the motion to dismiss of Appellees, William and Carol Clevidence (hereinafter the "Clevidences"), and that granted the motion for summary judgment of Appellee, Corporate Transfer Service, Incorporated ("CTS"). We affirm.
 I. {¶ 2} On or about February 1, 2002, the Garveys and CTS, a relocation management company, entered into a real estate purchase agreement whereby CTS agreed to sell and the Garveys agreed to buy from CTS real estate located at 3005 Overlook Road, in Silver Lake, Ohio, in Summit County. The property was previously owned and occupied by the Clevidences since 1997 until they sold the property to CTS.
 {¶ 3} The Clevidences had completed and signed a Residential Property Disclosure Form (the "Disclosure Form"), pursuant to R.C. 5302.30.[1] CTS provided the Disclosure Form to the Garveys as part of the transaction. The Disclosure Form provided that the representations therein were provided "exclusively to potential purchasers in a transfer made by the owner, and are not made to purchasers in any subsequent transfers."
 {¶ 4} On February 1, 2002, the Garveys and CTS executed a Rider to their purchase agreement, which stated, in relevant part:
"Condition of Premises
"Buyer understands the Property has been previously occupied and should not be expected to be in the same condition as a new property. Buyer understands that CTS is a relocation management company and has never lived on or in the Property. The Property, including the contents * * * being sold and purchased are not new, and are being sold `as is,' in their present condition. Neither CTS or any of its agents make any representations concerning the Property * * *."
As to the Disclosure Form, the Rider provides that "CTS makes no representations as to the accuracy or the conclusiveness of this statement. CTS has made no independent investigation of the Property." In addition, the Rider specified that "Buyer acknowledges that he has not been influenced to enter into this transaction nor has he relied upon any warranties or representations not set forth or incorporated in the Agreement or previously made in writing[.]" The Rider provided that any exceptions were to be listed after this language. However, no representations or warranties were included, and both parties initialed this section to acknowledge this fact.
 {¶ 5} The sale closed, and the title was transferred to the Garveys. It is undisputed that the Clevidences were not a party to the agreement between CTS and the Garveys.
 {¶ 6} It was not until after they moved into the home that the Garveys discovered that the basement was leaking and that the sprinkler system was defective. The Clevidences had not indicated on the Disclosure Form any problems with either the basement or the sprinkler system. After a few unsuccessful attempts were made to discuss the matter with CTS, its real estate agents, and the Clevidences, the Garveys filed a complaint against CTS and the Clevidences alleging fraud and breach of contract. Specifically, the Garveys asserted that the Clevidences and CTS intentionally failed to disclose and intentionally concealed the defects.
 {¶ 7} On January 16, 2003, CTS filed a Civ.R. 12(B)(6) motion to dismiss the complaint against them. The court denied the motion. On January 17, 2003, the Clevidences also filed a Civ.R. 12(B)(6) motion to dismiss. On April 22, 2003, the trial court granted the Clevidences' motion and dismissed the Clevidences from the case. The court concluded that the Clevidences could not be held liable under the agreement because they were not a party in privity with the Garveys, and that they did not have a duty to disclose any defects to the Garveys.
 {¶ 8} On March 15, 2004, CTS filed a motion for summary judgment, asserting that the Garveys could not provide any evidence that CTS had knowledge of the alleged defects, or that it made any representations or concealed any information pertaining to the basement or sprinkler system. CTS argued that the Garveys purchased the property "as is," and that therefore, the legal principle of caveat emptor applied to entitle CTS to summary judgment. The Garveys responded to the motion. The Garveys also filed a motion to delay ruling on CTS's motion for summary judgment in order to complete discovery. On May 12, 2004, the trial court denied the Garveys' motion to delay, and granted CTS's summary judgment motion. The court specifically found that CTS made no warranties or representations to the Garveys as to the condition of the property, and that the doctrine of caveat emptor applied to bar recovery under these claims. This appeal followed.
 {¶ 9} The Garveys timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"The trial court erred when it granted the motion to dismiss filed by the clevidence defendants."
 {¶ 10} In their first assignment of error, the Garveys assert that the trial court erred when it granted the Clevidences' motion to dismiss. We disagree.
 {¶ 11} A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle her to relief. Wilson v. State (1995),101 Ohio App.3d 487, 491. For the purposes of the Civ.R. 12(B)(6) motion, the trial court must accept all factual allegations as true and make every reasonable inference in favor of the nonmoving party. Shockey v. Wilkinson (1994),96 Ohio App.3d 91,93. We review a dismissal under Civ.R. 12(B)(6) de novo.Hunt v. Marksman Prods., Div. of S/R Industries, Inc. (1995),101 Ohio App.3d 760,762.
 {¶ 12} In their complaint, the Garveys alleged fraudulent nondisclosure and concealment. To recover for fraud, a buyer must demonstrate all of the following: 1) a representation, or in a situation where there was a duty to disclose, a concealment of fact; 2) which fact is material to the transaction; 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; 4) with the intent of misleading another into relying upon it; 5) justifiable reliance on the misrepresentation; and 6) a resulting injury proximately caused by the reliance. Buchanan v. Geneva Chervenic Realty (1996),115 Ohio App.3d 250, 257, citing Burr v. Bd. of Cty.Commissioners (1986), 23 Ohio St.3d 69, paragraph two of the syllabus.
 {¶ 13} To recover for breach of contract, a party must establish "`the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach.'" Bender Dev. Co. v. Streza, 9th Dist. No. 03CA008397, 2004-Ohio-4576, at ¶ 10, quoting Garofalo v.Chicago Title Ins. Co. (1995), 104 Ohio App.3d 95, 108.
 {¶ 14} It is undisputed that the Clevidences did not have an ownership interest in the real estate at the time of this transaction. It is also undisputed that the agreement lists the Garveys and CTS as the sole parties to the agreement. Therefore, there is no privity of contract between the Clevidences and the Garveys, and therefore, the Garveys cannot sue the Clevidences upon the agreement or claims stemming from the agreement. SeeMorse v. Summit Moving Storage, 9th Dist. No. 21258, 2003-Ohio-1475, at ¶ 9 (granting a motion to dismiss based on a breach of contract claim when the party opposing the motion was not in privity with the movant). Because the Clevidences were neither in privity with the Garveys nor a party to the Garveys' purchase agreement, they had no duty to disclose any defects to the Garveys.
 {¶ 15} Because the Garveys could not set forth facts sufficient to entitle them to recovery under these claims, we conclude that the trial court did not err in granting the Clevidences' motion to dismiss the case against them. SeeWilson, 101 Ohio App.3d at 491. Accordingly, the Garveys' first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred when it granted the motion for summary judgment filed by defendant Corporate Transfer Service, Inc."
 {¶ 16} In their second assignment of error, the Garveys assert that the trial court erred when it granted CTS's motion for summary judgment. We disagree.
 {¶ 17} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id.
 {¶ 18} Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 19} As stated above, a buyer must demonstrate all of the following to recover for fraud: 1) a representation, or in a situation where there was a duty to disclose, a concealment of fact; 2) which fact is material to the transaction; 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; 4) with the intent of misleading another into relying upon it; 5) justifiable reliance on the misrepresentation; and 6) a resulting injury proximately caused by the reliance. Buchanan, 115 Ohio App.3d at 257; Burr,
23 Ohio St.3d at paragraph two of the syllabus. To recover for breach of contract, a party must establish "`the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach.'"Bender Dev. Co. at ¶ 10; Garofalo, 104 Ohio App.3d at 108.
 {¶ 20} The doctrine of caveat emptor governs real property sales transactions in Ohio and relieves a vendor of the obligation of revealing every imperfection that may exist in a residential property. Layman v. Binns (1988),35 Ohio St.3d 176, 177. The doctrine of caveat emptor precludes recovery in an action by a purchaser of real estate for structural defects in the following instances: 1) the condition complained of is open to observation or discoverable upon reasonable inspection, 2) the purchaser had the unimpeded opportunity to examine the premises, and 3) there is no fraud on the part of the vendor. Id. at syllabus, citing and following Traverse v. Long (1956),165 Ohio St. 249. However, a vendor does have a duty "to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection."Layman, 35 Ohio St.3d at 178.
 {¶ 21} In this case, the Garveys assert that CTS failed to disclose or concealed defects with the sprinkler system and the basement. In its decision, the trial court found that the agreement signed by CTS and the Garveys contained an "as is" clause. An "as is" clause will bar a claim for fraudulent nondisclosure. Dennison v. Koba (1993), 86 Ohio App.3d 605,609. "When property is accepted in an `as is' condition, the seller is relieved of any duty to disclose." Id., citing Kaye v.Buehrle (1983), 8 Ohio App.3d 381, 383. CTS expressly noted in its agreement that it had never occupied the real estate prior to the sale, and that it had not made an independent investigation of the real estate. Additionally, the Rider provided the Garveys with opportunities to conduct a reasonable inspection of the premises. See Layman, 35 Ohio St.3d at 178; Traverse,165 Ohio St. 249.
 {¶ 22} The Rider does not set forth any representations or warranties on CTS' part. Furthermore, the Garveys offered no evidence that indicated that CTS had knowledge of any of these deficiencies, or that it made any representations to the Garveys as to their respective conditions. See Buchanan,115 Ohio App.3d at 257; Burr, 23 Ohio St.3d at paragraph two of the syllabus. Even if such additional evidence were to come to light, it would be trumped by the survival clause contained in the Rider, which stated that "no representations, warranties, agreements, or covenants, whether written or oral shall survive the closing of this transaction except those representations, warranties, agreements or covenants contained in this Rider to Purchase Agreement, which shall survive closing in its entirety."
 {¶ 23} The Garveys also allege that CTS breached the purchase agreement by failing to disclose or concealing allegedly known defects. The Garveys cite to Harris v. Burger (Aug. 24, 1995), 8th Dist. No. 68303, for the proposition that the transference of a deed alone will not satisfy a contract where there is a promise made that the property is free from latent defects. In Harris,
the sellers promised that no significant defects existed in the property, but there was some evidence that the sellers had or should have had knowledge of defects in the property. In the present case, however, CTS made no representations concerning the real estate, as is evident from the various provisions in the purchase agreement and attending documents. Furthermore, inHarris, the sellers of the real estate had lived there prior to the sale. The Garveys also rely on numerous other cases in support of their claims against CTS. However, we agree with CTS that these cases are distinguishable, as they involve a seller that had lived in the house prior to the sale.
 {¶ 24} Additionally, we reject the Garveys' argument that the Supreme Court's holding in Haddon View Investment Co. v. Coopers Lybrand (1982), 70 Ohio St.2d 154, should be applied to hold CTS liable in this case. That case concerned an accountant's liability to limited partners of a partnership, for which he had performed professional services, holding that "[a]n accountant may be held liable by a third party for professional negligence when that third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen." Id. at syllabus. This case is clearly distinguishable on both the facts and the law, and therefore, find this argument to be unavailing.
 {¶ 25} Based upon the foregoing, we find that the trial court properly concluded that the doctrine of caveat emptor applied to preclude recovery from CTS based upon these claims. Therefore, we conclude that CTS was entitled to judgment as a matter of law, and that the trial court did not err in granting CTS' summary judgment motion. See Temple, 50 Ohio St.2d at 327. The Garveys' second assignment of error is overruled.
 III. {¶ 26} The Garveys' first and second assignments of error are overruled. The decisions of the Summit County Court of Common Pleas are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Slaby, J. concur.
[1] R.C. 5302.30 requires a transferor of real estate to complete and deliver to the transferee a property disclosure form, and to disclose material matters relating to the physical condition of the property, and any material defect in the property of which the transferor has actual knowledge. Buchananv. Geneva Chervenic Realty (1996), 115 Ohio App.3d 250, 255, fn. 3.