DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Milton Cotton, appeals from the journal entry of the Lorain County Court of Common Pleas, which dismissed his petition for writ of habeas corpus. This Court reverses and remands.
 I. {¶ 2} On March 30, 2004, appellant filed a petition for writ of habeas corpus, alleging that appellee, Carl Anderson, warden of Grafton Correctional Institution, was "knowingly implementing an unlawful liberty restraint without jurisdiction to do so[.]" Appellant alleged three grounds in support of his writ, to wit: (1) that he is illegally imprisoned and restrained, because appellee calculated and imposed a sentence upon appellant for his crimes in the amount of 64½ to 210 years for his indefinite sentences; (2) that he is illegally imprisoned and restrained, because appellee "corrected" sentencing errors by imposing appellee's interpretation of a proper term of sentence; and (3) that he is illegally imprisoned and restrained, because the trial court had no authority to impose prison sentences in case numbers CR-259650 and CR-281730, since the trial court did not find appellant guilty of any crimes in regard to those cases.
 {¶ 3} Appellant appended to his petition for writ of habeas corpus copies of the relevant commitments. In addition, appellant appended to his writ affidavits as to prior actions and his indigency.
 {¶ 4} Pursuant to a journal entry filed June 14, 1991, appellant was sentenced after conviction in case number CR-257742 to one and one-half years for the crime of grand theft motor vehicle, in violation of R.C.2913.02; to one year for the crime of failure to comply with order or signal of police officer, in violation of R.C. 2921.331; and to one year for the crime of possession of criminal tools, in violation of R.C.2923.24, each term to be served consecutively. Pursuant to journal entry filed June 17, 1991, appellant was sentenced after conviction to two to ten years, indefinite, for the crime of receiving stolen property, which term was to be served consecutively with the sentence ordered in case number CR-257742.
 {¶ 5} Pursuant to a certified copy of sentence, on August 14, 1992, appellant was sentenced after conviction in case number CR-281731 to six months for the crime of attempted theft, in violation of R.C. 2923.02 and2913.02. Finally, pursuant to a certified copy of sentence, on August 14, 1992, appellant was sentenced after conviction in case number CR-281730 to four to ten years, indefinite, on each of five counts of receiving stolen property, in violation of R.C. 2913.51; to one-and-a-half to five years, indefinite, on each of two counts of concealing identity of motor vehicle, in violation of R.C. 4549.62; to one-and-ahalf to five years, indefinite, on each of four counts of possession of criminal tools, in violation of R.C. 2923.24; to four years, definite, on each of two counts of title law violation, in violation of R.C. 4505.19; to five to twenty-five years with five years actual time for the crime of drug trafficking, in violation of R.C.2925.03; to four to ten years, indefinite, on each of two counts of receiving stolen property, in violation of R.C. 2913.51, plus three years on two firearm specifications; to seven to twenty-five years with seven years actual time for the crime of drug trafficking, in violation of R.C. 2925.03; to five to fifteen years, indefinite, for the crime of drug trafficking, in violation of R.C. 2925.03; and to one-and-a-half to five years for the crime of having weapons while under disability, in violation of R.C. 2923.13, plus three years on a specification. Appellant was to serve time on the three specifications prior to the remaining terms, but concurrent with one another. Appellant's remaining terms were to be served consecutively. In sum, appellant was sentenced in case number CR-281730 to serve three years on his specifications, then eight years on the definite sentences, followed by a minimum of 55½ to a maximum of 170 years on the indefinite sentences.
 {¶ 6} Effective August 21, 1992, appellee calculated appellant's total aggregate sentence as three years on the gun specifications, consecutive with eight years definite time, consecutive with a minimum of 64½ to a maximum of 210 years on the indefinite sentences.
 {¶ 7} By interoffice communication dated August 17, 1993, from appellee's corrections records manager to appellant, appellee informed appellant regarding his first parole hearing date and calculation of sentence. Appellee's agent informed appellant that his sentence started on August 21, 1992, with 75 days jail credit. The interoffice communication further informed appellant that he must serve all three years on his specification sentence; five years, seven months, and six days on his definite eight-year sentence; and ten years and six months on the fifteen-year sentence for the 55½ year indefinite sentence. The communication expressly stated that "15 yrs. is the most you can serve on for the 55½ yrs." Based on appellee's calculation of appellant's sentence and information regarding the time he was required to serve, appellant filed his petition for writ of habeas corpus.
 {¶ 8} In lieu of an answer, appellee filed a motion to dismiss and amended motion to dismiss the petition for failure to state a claim upon which relief can be granted. In support, appellee appended an affidavit of Mary Oakley, Assistant Chief of Bureau of Sentence Computation, as well as a memorandum addressing the calculation of appellant's sentence. Ms. Oakley's memorandum clarified appellant's minimum and maximum sentence out of case number CR-281730. The memorandum delineated the expiration dates of appellant's specification and definite sentences. Further, Ms. Oakley's memorandum clarified that appellant's minimum indefinite-term sentence in case number CR-281730 was relevant for determination of appellant's initial parole hearing date only. The memorandum noted that appellant's sentences in other cases had been aggregated and that his maximum expiration of sentence is March 20, 2194.
 {¶ 9} On May 19, 2004, the trial court granted appellee's motion to dismiss and dismissed appellant's petition for writ of habeas corpus. It is clear from the recitation of facts in the trial court's journal entry that the court adopted and relied on the information contained in Ms. Oakley's memorandum. Appellant subsequently moved the trial court for relief from judgment and to amend the judgment entry. The trial court denied the motions without analysis. Appellant timely appeals, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court denied appellant the right to trial and the right to due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I of The Ohio Constitution, when it abused its discretion when it denied his habeas corpus complaint without even giving appellant the opportunity to present evidence in support of the habeas corpus."
 {¶ 10} Appellant argues that the trial court erred by granting appellee's motion to dismiss, when the trial court addressed the motion to dismiss as a motion for summary judgment, considering evidence and materials outside the complaint, without notice to appellant. This Court agrees.
 {¶ 11} This Court reviews de novo a trial court's decision to grant a motion to dismiss. Niepsuj v. Summa Health System, 9th Dist. Nos. 21557, 21559, 2004-Ohio-115, at ¶ 5. A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) only if it appears beyond a doubt that the petitioner can prove no set of facts which would entitle him to relief.Garvey v. Clevidence, 9th Dist. No. 22143, 2004-Ohio-6536, at ¶ 11. In considering a Civ.R. 12(B)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party. Id. The trial court may not, however, rely upon any materials or evidence outside the complaint in considering a motion to dismiss. State ex rel.Fuqua v. Alexander (1997), 79 Ohio St.3d 206, 207. Where the trial court chooses to consider evidence or materials outside the complaint, the court must convert the motion to dismiss into a motion for summary judgment and give the parties notice and a reasonable opportunity to present all materials made pertinent to such motion by Civ.R. 56. Civ.R. 12(B); State ex rel. The V. Cos. v. Marshall (1998), 81 Ohio St.3d 467,470.
 {¶ 12} In this case, the trial court did not give the parties notice of its intent to convert appellee's motion to dismiss into a motion for summary judgment. In fact, in its journal entry, the trial court disposed of the matter by granting appellee's motion to dismiss, not a converted motion for summary judgment. However, the trial court clearly relied on evidence and materials outside appellant's petition. The trial court reiterated as fact information adduced only from Mary Oakley's memorandum, appended to appellee's motion to dismiss. Further, appellee concedes in his brief that the "Lorain County Court of Common Pleas found the facts to be as outlined by the Respondent in the Motion to Dismiss." Under the circumstances, the trial court erred by considering evidence and materials outside appellant's petition in disposing appellee's motion to dismiss. The trial court did not notify the parties that it was converting the motion to dismiss into a motion for summary judgment and could not, therefore, consider any evidence outside the petition. This Court finds that the trial court, therefore, improperly dismissed appellant's petition for writ of habeas corpus. Appellant's sole assignment of error is sustained.
 III. {¶ 13} Appellant's assignment of error is sustained. Accordingly, the judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee. Exceptions.
Batchelder, J., Baird, J., concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)