DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Milton Cotton, appeals from the judgment of the Lorain County Court of Common Pleas which dismissed his petition for habeas corpus. This Court reverses.
 I. {¶ 2} In 1991 and 1992, Cotton was convicted of numerous crimes and received a combination of both definite and indefinite sentences. In Cotton's prior appeal, this Court detailed those convictions and sentences. See Cotton v. Anderson, 9th Dist. No. 04CA008536,2005-Ohio-994, at ¶ 2-9. On March 30, 2004, Cotton filed his petition for habeas corpus, alleging that he was being *Page 2 
detained under an illegal sentence. Appellee, Carl Anderson, the warden of the correctional facility which houses Cotton, moved to dismiss the petition. Cotton appealed that dismissal to this Court. We reversed, finding that the trial court had examined materials outside the complaint and had not properly converted the motion to a motion for summary judgment. See id. at ¶ 10-12.
 {¶ 3} Following this Court's remand, Anderson renewed his motion to dismiss. In his motion, Anderson argued that the petition should be dismissed because Cotton failed to comply with R.C. 2969.25. Specifically, Anderson asserted that Cotton had not attached an affidavit listing his prior legal actions. Cotton filed a motion in opposition and on July 7, 2007, the trial court granted the motion, finding that Cotton had failed to comply with the statutory requirements. Cotton has timely appealed, raising two assignments of error for review. As these assignments of error are interrelated, this Court addresses them together.
 II. ASSIGNMENT OF ERROR I "THE COURT COMMITTED PREJUDICIAL ERROR AND DENIED THE APPELLANT DUE PROCESS OF LAW WHEN IT DID NOT GIVE PRECLUSIVE EFFECT IN THE JUDGMENT OF THE COURT OF APPEALS."
 ASSIGNMENT OF ERROR II "THE COURT COMMITTED PREJUDICIAL ERROR AND DENIED THE APPELLANT DUE PROCESS OF LAW WHEN IT WAS PRECLUDED BY THE DOCTRINE OF THE LAW OF THE CASE." *Page 3 
 {¶ 4} In both of his assignments of error, Cotton argues that the trial court erred in granting Anderson's motion to dismiss. We agree.
 {¶ 5} This Court reviews de novo a trial court's decision to grant a motion to dismiss. Niepsuj v. Summa Health Sys., 9th Dist. Nos. 21557, 21559, 2004-Ohio-115, at ¶ 5. A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) only if it appears beyond a doubt that the petitioner can prove no set of facts which would entitle him to relief.Garvey v. Clevidence, 9th Dist. No. 22143, 2004-Ohio-6536, at ¶ 11. In considering a Civ.R. 12(B)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party. Id. The trial court may not, however, rely upon any materials or evidence outside the complaint in considering a motion to dismiss. State ex rel.Fuqua v. Alexander (1997), 79 Ohio St.3d 206, 207. Where the trial court chooses to consider evidence or materials outside the complaint, the court must convert the motion to dismiss into a motion for summary judgment and give the parties notice and a reasonable opportunity to present all materials made pertinent to such motion by Civ.R. 56. Civ.R. 12(B); State ex rel. The V. Cos. v. Marshall (1998), 81 Ohio St.3d 467,470.
 {¶ 6} In his brief, Anderson states as follows: "Appellee concedes that the trial court was precluded from dismissing Cotton's petition, on remand, for failure to comply with R.C. 2969.25. * * * Consequently, this Court may find that *Page 4 
Cotton's first and second assignments of error should be sustained." Moreover, as we noted in the first decision in this matter:
 "Appellant appended to his petition for writ of habeas corpus copies of the relevant commitments. In addition, appellant appended to his writ affidavits as to prior actions and his indigency." Cotton at ¶ 3.
Anderson's concession of error, therefore, is supported by the record. Cotton filed an affidavit that contains the information required to be submitted under R.C. 2969.25.
 {¶ 7} Anderson has argued, however, that the trial court's judgment should be affirmed on other grounds. Specifically, Anderson alleges that Cotton's petition should fail on its merits. Anderson's argument suffers from the same procedural flaws presented in the initial appeal of this matter. Namely, to affirm on other grounds, this Court would have to consider materials outside of the complaint. In effect, this Court would be conducting a summary judgment proceeding. Like the first appeal of this matter, "[t]he trial court did not notify the parties that it was converting the motion to dismiss into a motion for summary judgment and could not, therefore, consider any evidence outside the petition." Id. at ¶ 12. This Court, therefore, may not consider evidence outside the complaint to affirm the trial court's grant of the motion to dismiss.
 {¶ 8} Cotton's assignments of error are sustained.
 III. *Page 5 {¶ 9} Cotton's assignments of error are sustained. The judgment of the
Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellee. *Page 6 
BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1