HOPPER, Appellee,

v.

CITY OF ELYRIA, Appellant.

[Cite as *Hopper v. Elyria,* 182 Ohio App.3d 521, 2009-Ohio-2517.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 08CA009421.

Decided June 1, 2009.

Jeffrey H. Friedman, Christine M. LaSalvia, and Stephen S. Vanek, for appellee.

John T. McLandrich, Jeffrey T. Kay, and Frank H. Scialdone, for appellant.

CARR, Judge.

{¶ 1} Appellant, the city of Elyria ("the city"), appeals the judgment of the Lorain County Court of Common Pleas, which denied its motion to dismiss the complaint of appellee, John Hopper Jr. ("Hopper"), individually and as administrator of the estate of John Hopper III. This court reverses.

I

{¶ 2} On August 8, 2006, Hopper filed a wrongful-death complaint against the city. In lieu of an answer, the city filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on the basis of statutory immunity. The city argued that none of the exceptions to immunity listed in R.C. 2744.02(B) were applicable. The city contemporaneously moved for a protective order and to stay discovery pending the trial court's ruling on its motion to dismiss. On October 30, 2006, Hopper filed a brief in opposition to the city's motions. The trial court scheduled a case-management conference for May 1, 2007. On May 2, 2007, the trial court issued a journal entry asserting: "Court to rule on pending motions by 5–15–07." On June 12, 2008, the trial court denied the city's motion to dismiss, as well as the motions for protective order and to stay discovery, without analysis. The city filed a timely appeal, raising one assignment of error for review.

## ASSIGNMENT OF ERROR

The lower court erred in denying the appellant's motion to dismiss because the city is immune.

{¶ 3} The city argues that the trial court erred by denying its motion to dismiss on the basis of statutory immunity. This court agrees.

{¶ 4} As an initial matter, this court acknowledges that we have jurisdiction to review the trial court's denial of the city's motion to dismiss on the grounds of statutory immunity. The Ohio Supreme Court has held:

When a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C).

*Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, syllabus.

{¶ 5} This court reviews de novo a trial court's decision to grant a motion to dismiss. *Niepsuj v. Summa Health Sys.*, 9th Dist. Nos. 21557 and 21559, 2004-Ohio-115, 2003 WL 23153220, ¶ 5. A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) only if it appears beyond a doubt that the petitioner can prove no set of

facts that would entitle him to relief. *Garvey v. Clevidence,* 9th Dist. No. 22143, 2004-Ohio-6536, 2004 WL 2806339, ¶ 11. In considering a Civ.R. 12(B)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party. Id. The trial court may not, however, rely upon any materials or evidence outside the complaint in considering a motion to dismiss. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 207, 680 N.E.2d 985.

{¶ 6} Hopper's complaint alleged that the city is liable for the wrongful death of his son, who drowned in a municipal pool, because the city negligently, willfully, wantonly, and recklessly (1) disregarded the safety of the public in the construction, care, maintenance, supervision, control, and security of the pool and surrounding grounds, (2) failed to adequately warn of known dangers at the pool by failing to post warning signs on the perimeter fence, and (3) failed to adequately secure the premises to prevent against unauthorized entry onto the premises. The complaint alleged that the incident occurred at the South Park Recreational Area premises located at 150 South Park Drive, Elyria, Ohio.

{¶ 7} In determining whether a political subdivision such as the city of Elyria is immune from liability, this court must engage in a three-tier analysis pursuant to R.C. Chapter 2744. *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610. This court is "bound to apply the words of the law in effect at the time the alleged negligent acts occurred." *Hubbard v. Canton City School Bd. of Edn.,* 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, at ¶ 17. Therefore, all citations of R.C. Chapter 2744 will refer to the version in effect as of June 8, 2005, the date the minor decedent drowned.

{¶ 8} The first tier of the analysis is the premise of general immunity under R.C. 2744.02(A)(1) that:

[e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

There is no dispute that the city is a political subdivision.

{¶ 9} Government functions include:

The design, construction, reconstruction, renovation, repair, maintenance, and operation of any school athletic facility, school auditorium, or gymnasium or any recreational area or facility, including, but not limited to * * * [a] bath, swimming pool, pond, water park, wading pool, wave pool, water slide, or other type of aquatic facility.

R.C. 2744.01(C)(2)(u)(iv). As the allegations in the complaint concern an act or omission of the city in connection with a governmental function, the city has general immunity from liability. This immunity, however, is not absolute. *Cater*, 83 Ohio St.3d at 28, 697 N.E.2d 610.

{¶ 10} The second tier of the analysis involves the five exceptions set forth in R.C. 2744.02(B), any of which may abrogate the general immunity delineated in R.C. 2744.02(A)(1). The five exceptions include negligent operation of any motor vehicle by an employee, negligent acts by an employee with respect to proprietary functions, the political subdivision's negligent failure to maintain roads, employee negligence on the grounds of buildings and due to physical defects on the grounds of buildings used in connection with the performance of a governmental function, and when civil liability is expressly imposed by statute. R.C. 2744.02(B)(1) through (5). The parties do not assert that any exceptions to immunity in R.C. 2744.02(B)(1) through (3) and (5) are applicable. Rather, the only exception to immunity that may be applicable in this case arises out of R.C. 2744.02(B)(4), which states:

> Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

If this exception applies, immunity may be reinstated if one of the defenses pursuant to R.C. 2744.03 is applicable. This court need not reach the issue of whether any defenses are applicable because we conclude that the exception to immunity enunciated in R.C. 2744.02(B)(4) is not applicable.

{¶ 11} The Ohio Supreme Court held that although the operation of an indoor municipal swimming pool constitutes a governmental function pursuant to R.C. 2744.01(C)(2)(u), it is not subject to the exception to immunity set forth in R.C. 2744.02(B)(4). *Cater*, 83 Ohio St.3d at 28, 697 N.E.2d 610. The high court reasoned that the types of buildings listed in R.C. 2744.02(B)(4), "courthouse[s] or office building[s] where government business is conducted," are distinguishable from recreation centers that house recreational activities. *Cater*, 83 Ohio St.3d at 31, 697 N.E.2d 610. Although *Cater* involved a drowning at an indoor pool, the high court expressed its assumption that outdoor pools were by their very nature excluded from the ambit of the statutory exception to immunity:

> Furthermore, if we applied former R.C. 2744.02(B)(4) to an indoor swimming pool, liability could be imposed upon the political subdivision. However, there would be no liability if the injury occurred at an outdoor municipal swimming

pool, since the injury did not occur in a building. We do not believe that the General Assembly intended to insulate political subdivisions from liability based on this distinction.

Id. at 31–32, 697 N.E.2d 610.

{¶ 12} Hopper argues that *Cater* is not dispositive of the issue of the city's immunity because (1) the legislature has since amended R.C. 2744.02(B)(4) and (2) he believes that its reasoning has been called into question by *Hubbard,* 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543. This court finds Hopper's arguments to be without merit.

{¶ 13} First, it is true that the version of R.C. 2744.02(B)(4) applicable to the instant matter is different from the version applied in *Cater.* The version applicable in *Cater* did not contain the phrase further requiring that the injury be "due to physical defects within or on the grounds of" the buildings. Otherwise, the provisions are identical.

{¶ 14} Hopper argues that the amended version applicable to this case broadens the scope of the city's liability. In fact, it does just the opposite. R.C. 2744.02(B)(4) is an exception to general immunity. By requiring that the injury both be caused by employee negligence within or on the grounds of certain types of buildings and be due to physical defects within or on the grounds of those buildings, the legislature has narrowed the scope of a political subdivision's liability, not the scope of its immunity. Accordingly, the subsequent modification to R.C. 2744.02(B)(4) does not diminish the soundness of the reasoning in *Cater,* 83 Ohio St.3d 24, 697 N.E.2d 610.

{¶ 15} Hopper further argues that the *Hubbard* case calls into question the reasoning in *Cater.* This court disagrees. First, the *Hubbard* court twice cites *Cater* in regard to the three-tiered analysis relevant to a determination of a political subdivision's immunity. *Hubbard,* 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 10, 12. Accordingly, it is clear that the Supreme Court was aware of its reasoning in *Cater.* Nevertheless, the *Hubbard* court did not overrule *Cater* or make any attempts to discuss or distinguish its reasoning.

{¶ 16} Second, *Hubbard* involved the sexual assault of two students by a teacher on school premises. That court concluded that the city school board was not immune from liability pursuant to R.C. 2744.02(B)(4) simply because "the injuries claimed by plaintiffs were caused by negligence occurring on the grounds of a building used in connection with a government function." *Hubbard* at ¶ 18. Unlike the statute at issue in the instant case, the applicable version of R.C. 2744.02(B)(4) in *Hubbard* did not contain the further requirement that the injury be "due to physical defects" on the grounds. Although the high court noted that the legislature had attempted to amend the statute to add the physical-defects requirement pursuant to both H.B. 350 and H.B. 215, the court emphasized that

it had invalidated on constitutional grounds both versions of the statute. *Hubbard* at ¶ 16. The holding in *Hubbard* simply makes clear that the high court will not engraft additional requirements on a statute in the absence of the legislature's intent to do so. Id. at ¶ 17, stating, "We decline to rewrite the subsection to produce a different result than the words of the statute require." The *Hubbard* court did not revisit the distinction between buildings used for governmental purposes and recreational facilities. Accordingly, this court is not persuaded that *Hubbard* has diminished the authority of *Cater* in regard to the circumstances of the instant case.

{¶ 17} Hopper cites *Thompson v. Bagley,* 3d Dist. No. 11–04–12, 2005-Ohio-1921, 2005 WL 940872, in support of his argument that the reasoning in *Cater* is no longer sound. First, this court is not bound by a sister district's questioning of Ohio Supreme Court case law. Second, *Thompson* is not analogous to either *Cater* or the instant case. *Thompson* involved a child who drowned in a school pool during a physical education class. However, the *Thompson* court noted that the parties agreed that the child's "death occurred in connection with a governmental function as provided for in 2744.01(C)(2)(c)," id. at ¶ 28, rather than as provided for in R.C. 2744.01(C)(2)(u), as in *Cater* and the instant case. R.C. 2744.01(C)(2)(c) states that the "provision of a system of public education" is a governmental function. Accordingly, *Thompson* does not involve a recreation center or recreational activities. Rather, it involves an activity in an office building where government business is conducted, specifically, the business of educating children. Therefore, the analysis by the *Thompson* court does not implicate the reasoning in *Cater,* which distinguished recreational activities from government business and exempted recreational facilities from buildings of the type delineated in R.C. 2744.02(B)(4).

{¶ 18} Pursuant to the authority of *Cater,* 83 Ohio St.3d 24, 697 N.E.2d 610, an injury, death, or loss at the city's outdoor swimming pool does not fall within the exception to immunity enunciated in R.C. 2744.02(B)(4). Accordingly, the trial court erred by denying the city's Civ.R. 12(B)(6) motion to dismiss the complaint for the reason that the city is immune from liability. The city's assignment of error is sustained.

### III

{¶ 19} The city's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

MOORE, P.J., and WHITMORE, J., concur.