[Cite as *Cotton v. Anderson*, 2011-Ohio-3885.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| MILTON COTTON | C.A. No. 10CA009830 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CARL ANDERSON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 04CV138081 |

DECISION AND JOURNAL ENTRY

Dated: August 8, 2011

---

BELFANCE, Presiding Judge.

{¶1} Milton Cotton appeals from the trial court's overruling of his motion for summary judgment regarding his petition for a writ of habeas corpus. For the reasons set forth below, we affirm.

I.

{¶2} In 1991 and 1992, Mr. Cotton was convicted of various crimes for which he received definite and indefinite sentences. Because this is the third time this matter is before us, Mr. Cotton's convictions and sentences are detailed in Mr. Cotton's prior appeal. See *Cotton v. Anderson*, 9th Dist. No. 04CA008536, 2005-Ohio-994, at ¶¶4-5 ("*Cotton I*"). At issue in this case is Mr. Cotton's indefinite sentence from August 14, 1992, which ranges from 55 years and 6 months to 170 years.

{¶3} While incarcerated, Mr. Cotton asked the records manager for clarification on his sentence. In an interoffice communication to Mr. Cotton, the records manager wrote, "THE

[PAROLE] BOARD DATE IS FIGURED ON THE MINIMUM SENTENCE OF: 3YRS. AIG [CONSECUTIVE TO] 8YRS. DEF. [SERVED CONSECUTIVELY TO] 15YRS. (15[ YEARS] IS THE MOST YOU CAN SERVE ON FOR THE 55 1/2 [YEARS].)"

{¶4} In 2004, Mr. Cotton filed a petition for a writ of habeas corpus, alleging that appellee Carl Anderson, Warden of the Grafton Correctional Institution, was "knowingly implementing an unlawful liberty restraint without jurisdiction to do so[.]" Warden Anderson filed a motion to dismiss Mr. Cotton's petition, attaching an affidavit of Mary Oakley, the Assistant Chief of the Bureau of Sentence Computation for the Department of Rehabilitation and Corrections, and a memorandum addressing the calculation of Mr. Cotton's sentence. The trial court granted Warden Anderson's motion, and Mr. Cotton appealed.

{¶5} This Court reversed, concluding that the trial court had considered evidence outside of the petition when granting Warden Anderson's motion. By considering the other evidence, the trial court had converted Warden Anderson's motion to dismiss into a motion for summary judgment without informing the parties or allowing Mr. Cotton an opportunity to respond. See Id. at ¶¶11-12. The matter was remanded for further proceedings. Id. at ¶13.

{¶6} On remand, Warden Anderson again moved for dismissal, arguing that Mr. Cotton had failed to comply with R.C. 2969.25. *Cotton v. Anderson*, 9th Dist. No. 06CA008984, 2007-Ohio-6548, at ¶3 ("*Cotton II*"). The trial court agreed and, again, dismissed Mr. Cotton's petition. Mr. Cotton appealed, and this Court reversed, noting that Mr. Cotton had "'appended to his petition for writ of habeas corpus copies of the relevant commitments[,]'" and, therefore, had complied with R.C. 2969.25. Id. at ¶6, quoting *Cotton I* at ¶3. The matter was again remanded to the trial court.

**{¶7}** Warden Anderson then moved for summary judgment, attaching Assistant Chief Oakley's affidavit. In response to Warden Anderson's motion, Mr. Cotton filed a cross-motion for summary judgment. Warden Anderson subsequently filed a response. The trial court granted Warden Anderson's motion for summary judgment and denied Mr. Cotton's motion. Mr. Cotton appeals the judgment of the trial court.

II.

**ASSIGNMENT OF ERROR I**

"THE COURT COMMITTED PREJUDICIAL ERROR IN NOT GRANTING SUMMARY JUDGMENT TO THE APPELLANT[.]"

**{¶8}** Mr. Cotton, in his petition for a writ of habeas corpus, raised three grounds for his writ: that the Department of Rehabilitation illegally calculated his sentence, that the Department of Rehabilitation illegally "'correct[ed]'" and "interpret[ted]" his sentence, and that the trial court never made an express finding of guilt. However, Mr. Cotton has not advanced any argument in his merit brief concerning his third ground for relief.

**{¶9}** We review a trial court's awarding summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

**{¶10}** To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic). *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292. If the

movant satisfies this burden, the non-moving party "'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 293, quoting Civ.R. 56(E). However, "as the burden is upon the moving party to establish the nonexistence of any material factual issues, the lack of a response by the opposing party cannot, of itself, mandate the granting of summary judgment." *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 47.

{¶11} Mr. Cotton does not point to any dispute of material fact, and we find none in this case. He concedes that, on August 14, 1992, the trial court sentenced him to definite prison terms of 3 and 8 years and to an indefinite prison term ranging from 55 years and 6 months to 170 years. Mr. Cotton suggests that the Department of Rehabilitation has modified his sentence and reduced the minimum term to 15 years. However, the Department of Rehabilitation had no authority to modify his sentence. Furthermore, its reference to 15 years as "the most you can serve" did not constitute a modification of his sentence. Rather, it simply recognized the effect of former R.C. 2929.41(E)(2) upon Mr. Cotton's indefinite sentence. See *State ex rel. Hamann v. Ohio Dept. of Rehab. & Corr.*, 96 Ohio St.3d 72, 2002-Ohio-3528, ¶7 ("[T]he statutory cap in former R.C. 2929.41(E)(2) is self-executing[.]"). Furthermore, there is no dispute of fact that Mr. Cotton is continuing to serve his indefinite sentence.

{¶12} "Habeas corpus is generally appropriate in the criminal context only if the prisoner is entitled to immediate release from prison." *Ridenour v. Randle* (2002), 96 Ohio St.3d 90, 2002-Ohio-3606, ¶7. "[A] convicted person has no constitutional right to be conditionally released prior to the expiration of a valid sentence." *State v. Parsons*, 9th Dist. No. 22200, 2005-Ohio-268, at ¶13, quoting *Velasquez v. Ghee* (1996), 108 Ohio App.3d 409, 411. See, also, *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.* (1998), 81 Ohio St.3d 267, 268 (A defendant "has no constitutional or statutory right to parole, [and] he has no similar right to earlier

consideration of parole.") (internal citation omitted). Since Mr. Cotton served his definite sentences first, he is currently serving his indefinite sentence and is well short of the 170-year maximum. Accordingly, his valid sentence has not expired, and, therefore, he is not entitled to immediate release from prison. Thus, based on the undisputed evidence before us, Mr. Cotton was not entitled to a writ of habeas corpus as a matter of law.

{¶13} The trial court correctly overruled Mr. Cotton's motion for summary judgment. Mr. Cotton's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"THE COURT COMMITTED PREJUDICAL ERROR AND DENIED THE APPELLANT DUE PROCESS OF LAW WHEN IT DID NOT GIVE PRECLUSIVE EFFECT IN THE JUDGMENT OF THE COURT OF APPEALS."

## ASSIGNMENT OF ERROR III

"THE COURT COMMITTED PREJUDICIAL ERROR AND DENIED THE APPELLANT DUE PROCESS OF LAW WHEN IT WAS PRECLUDED BY THE DOCTRINE OF THE LAW OF THE CASE[.]"

{¶14} Mr. Cotton's second and third assignments of error are related, and we consider them together. Mr. Cotton argues that the trial court's granting of summary judgment to Warden Anderson was precluded by res judicata or, in the alternative, by the law-of-the-case doctrine. We disagree.

{¶15} The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, at syllabus. The law-of-the-case doctrine is similar to res judicata, providing that "the decision of a reviewing court in a case remains the law of that case on the legal

questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3.

{¶16} Mr. Cotton argues that the trial court erroneously failed to give preclusive effect to this court's prior decisions, thereby suggesting that this court previously determined the matter before us in this appeal. However, Mr. Cotton's previous appeals solely addressed procedural issues. In his first appeal, this Court reversed the trial court's dismissal of his petition because it had considered evidence outside the petition, thus converting the motion to dismiss into a motion for summary judgment without providing Mr. Cotton an opportunity to respond. In his second appeal, this Court reversed the trial court's dismissal, which had been based upon a failure to comply with R.C. 2969.25. In neither appeal, did this Court consider the merits of Mr. Cotton's habeas petition and Mr. Cotton has not otherwise demonstrated that the doctrines of res judicata or law-of-the-case apply to the matter before us. Mr. Cotton's second and third assignments of error are overruled.

III.

Mr. Cotton's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

MILTON COTTON, pro se, Appellant.

THELMA THOMAS PRICE, Assistant Attorney General, for Appellee.