DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant Cynthia Braden has appealed from the judgment of the Summit County Court of Common Pleas dismissing her complaint alleging medical malpractice. We affirm in part and reverse in part.
 I {¶ 2} Appellant first filed her medical malpractice claims against Dr. David Sinar and Appellee, Dr. Glenn Waddle, in October of 2004. Appellant alleged malpractice based on the dental work that both doctors had performed for her. On December 9, 2004, Appellant voluntarily dismissed her case because she *Page 2 
could not produce the expert evidence necessary to set forth a prima facie case of medical malpractice. Common Pleas Case No. CV 2004-10-5914.
 {¶ 3} Appellant refiled her pro se complaint on December 9, 2005 along with a "Motion for Extension of Time to File Expert's Affidavit." Appellee responded on January 12, 2006 with a motion to dismiss due to Appellant's failure to file an Affidavit of Merit along with her complaint. Before the trial court responded to either motion, Appellant filed a motion for a sixty day continuance of the pretrial hearing so that she could retain counsel. On March 6th, the court granted the continuance and stayed all other pending motions and discovery until the status conference on May 1st.
 {¶ 4} On April 26, 2006, Appellant filed another "Motion for Extension of Time to File Affidavit of Merit" indicating that she would file an expert affidavit by June 7, 2006. Appellee opposed this motion criticizing the delay in the proceedings. After the status conference on May 1st, the trial court issued an order granting Appellant an extension until June 5, 2006 to file an affidavit of merit. The court noted, however, that the extension was due to Appellant's pro se status and personal problems. The court warned that Appellant's failure to file the affidavit would result in the court granting Appellee's motion to dismiss.
 {¶ 5} On June 5, 2006, Appellant filed two affidavits of merit as to Appellee only. Consequently, Defendant Dr. Sinar moved for summary judgment. Appellant dismissed Dr. Sinar from the proceedings before the court's ruling. *Page 3 
 {¶ 6} On July 20th, the court issued its case management schedule setting the discovery cut off date on January 16, 2007 and trial on February 13, 2007. The order specifically provided that Appellant, "shall disclose to Defendant a list of expert witnesses, withreports, [she] intends to call at trial by January 16, 2007." (Emphasis added). Although the schedule triggered a barrage of motions from both Appellee and Appellant, the dates remained unchanged.
 {¶ 7} On September 7, 2006, Appellee filed a motion to dismiss for failure to prosecute citing Appellant's refusal to respond to discovery, to comply with Appellee's motion to compel, and to attend her own deposition. Appellant responded on September 19th by filing a "Motion to Extend Time to Respond to All Defendant's Motions." When Appellee opposed the motion, Appellant filed another motion on October 11, 2006 seeking a ninety day continuance due to "health reasons."
 {¶ 8} While Appellant's October 11th motion was still outstanding, Appellant filed a motion for a protective order to delay her deposition and requested an "enlargement of all pre-trial dates" for at least three months and "to enlarge the time for six months for trial, Discovery, and experts." Appellee vehemently sought a denial of Appellant's motions, and on December 13, 2007, the court agreed to deny Appellant's request for a protective order and enlargement of time. *Page 4 
 {¶ 9} On December 29th, however, Appellant filed another motion to extend the period of discovery an additional 45 days. During the final pretrial on January 16th, the court met with the parties and verbally stated that it would not entertain any further motions for continuance. In its January 19th trial management order, the court formally denied Appellant's motion to extend.
 {¶ 10} On February 5, 2007, Appellee filed a motion in limine to exclude Appellant's expert witnesses because Appellant failed to file any expert reports.
 {¶ 11} On February 8th, Appellant filed a motion for continuance of trial for at least 180 days including a 120 day extension for completion of discovery. Appellant explained that she had discussed her case with Attorney Gerald R. Walton and that he had agreed to represent her only if the court granted such an extension. Later that same day, Appellee filed a brief in opposition and the court issued its order. The court first noted the numerous extensions Appellant requested throughout the litigation and reminded Appellant that it had cautioned her against proceeding pro se in a complicated malpractice action. The court then denied Appellant's motion to continue and granted Appellee's motion in limine, "to exclude testimony of Plaintiff's expert witnesses due to her flagrant disregard of the Court's order to provide expert reports to Defendant by January 16, 2007."
 {¶ 12} On February 12, 2007, the court cancelled the February 13th trial date, ordered Appellee to file a motion to dismiss, and ordered Appellant to respond to the motion. The court specified that it refused to hear any other *Page 5 
motions for continuance or reopening of discovery, but Appellant filed a "Leave to Plead" so that she could submit expert reports from two new experts. In her February 22nd opposition to Appellee's motion to dismiss, Appellant claimed confusion as to the January 16, 2007 expert report filing deadline. According to Appellant, the court orally agreed to extend the filing deadline during pretrial and "since segments of the Case Management Schedule had not been followed in the past, she believed she had additional time to file." Appellant concluded her motion by asking the court to "set a trial date far enough in the future" so that she could schedule depositions.
 {¶ 13} On February 28, 2007, the court denied Appellant's "Leave to Plead" and granted Appellee's motion to dismiss. Appellant has timely appealed the court's judgment, raising four assignments of error. For ease of analysis, assignments one, two, and three have been combined.
 II First Assignment of Error "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DENYING HER DECEMBER 8, 2006 MOTION FOR ENLARGEMENT OF TIME[.]"
 Second Assignment of Error "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DENYING HER MOTION TO CONTINUE THE TRIAL DATE AND TO COMPLETE DISCOVERY[.]" *Page 6 
 Third Assignment of Error "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DENYING HER MOTION FOR LEAVE TO SUBMIT EXPERT REPORTS[.]"
 {¶ 14} In each of these combined assignments of error, Appellant has argued that the trial court erred in refusing to grant Appellant the additional time that she requested. This Court disagrees.
 {¶ 15} The decision to grant or deny a continuance rests within the sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65, 67. An appellate court may reverse the trial court's decision if it amounts to an abuse of discretion. Id. An abuse of discretion is more than an error in judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc. (1993),90 Ohio App.3d 546, 552.
 {¶ 16} In reviewing a motion for continuance, a court should consider the following factors:
 "[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is a dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger, 67 Ohio St.2d at 67-68. *Page 7 
These factors operate as a balancing test where this Court weighs any potential prejudice to the defendant against competing concerns, "such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." Id. at 67.
 {¶ 17} Appellant filed no less than eleven motions requesting the court to continue various deadlines. Appellant has insisted that the trial court had "ample time to continue," but "had it in mind from day one to prevent [her] from getting in front of a jury[.]" Indeed, the predominant theme in Appellant's argument is that the trial court wanted to "punish [her]" and harbored prejudice against her due to her pro se status. This Court finds no merit in Appellant's contentions.
 {¶ 18} From a careful review of the record, it is clear that the competing concerns noted in Unger outweigh any prejudice to Appellant. Appellant submitted motions for continuances based on her health problems, familial health issues, the loss of her residence, a burglary at her new residence, and other personal reasons. Appellant repeatedly sought continuances to find an attorney, but even after a year she never managed to retain one. Appellant failed to respond to Appellee's discovery requests and subsequent motion to compel discovery. Additionally, Appellant only allowed Appellee to depose her after his fourth notice and scheduling attempt. Appellant's numerous motions and Appellee's numerous briefs in opposition accumulated for over a year. Despite this length of time, however, Appellant was still unprepared to go to trial. *Page 8 
 {¶ 19} The record indicates that the trial court attempted to accommodate Appellant to some extent. The court granted Appellant a continuance to retain counsel and another extension of time to file an affidavit of merit pursuant to Civ.R. 10(D)(2). The court set the trial date approximately seven months after the case management conference and clearly set forth deadlines for discovery. The court gave Appellant until January 16, 2007, almost six full months after the conference, to submit her expert reports. Moreover, Appellant was aware of the importance of submitting expert evidence since her inability to produce that evidence caused her to voluntarily dismiss this case the previous year. See Common Pleas Case No. CV 2004-10-5914. The trial court was not required to put an indefinite hold on Appellant's case or afford her special treatment.
 {¶ 20} Pro se litigants are presumed to have knowledge of the law and of correct legal procedure and are held to the same standard as all other litigants. Harris v. City of Akron Housing Appeals Bd, 9th Dist. No. 21197, 2003-Ohio-724, at ¶ 11. It does not appear from a review of the record, that the trial court treated Appellant differently from any other litigant repeatedly unprepared to litigate her case. The trial court clearly set forth deadlines and instructions in its orders, none of which appear to be confusing, unreasonable, or arbitrary. Accordingly, this Court finds that the trial court's actions fall within the range of its broad discretion. *Page 9 
 {¶ 21} Because this Court holds that the trial court did not abuse its discretion in denying Appellant's multiple motions for continuance and leave, Appellant's assignments of error are overruled.
 Fourth Assignment of Error "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY GRANTING DEFENDANT-APPELLEE DR. WADDLE'S MOTION TO DISMISS[.]"
 {¶ 22} In her fourth assignment of error, Appellant has argued that the trial court improperly granted Appellee's motion to dismiss. This Court agrees.
 {¶ 23} This Court reviews de novo a trial court's decision to grant a motion to dismiss. Niepsuj v. Summa Health System, 9th Dist. Nos. 21557, 21558, 2004-Ohio-115, at ¶ 5. A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only if it appears beyond a doubt that the petitioner can prove no set of facts which would entitle him to relief. Garvey v. Clevidence, 9th Dist. No. 22143, 2004-Ohio-6536, at ¶ 11. In considering a Civ.R. 12(b)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party. Id. The court may not, however, rely upon any materials or evidence outside the complaint to determine a motion to dismiss. State ex rel. Fugua v. Alexander
(1997), 79 Ohio St.3d 206, 207. Where the trial court chooses to consider evidence or materials outside the complaint, the court must convert the motion to dismiss into a motion for summary judgment and give *Page 10 
the parties notice and a reasonable opportunity to present all materials made pertinent to such motion by Civ.R. 56. Civ.R. 12(B); State ex rel.The V. Cos. v. Marshall (1998), 81 Ohio St.3d 467, 470.
 {¶ 24} The court below disposed of Appellant's case under the guise of a motion to dismiss, but in reality employed a motion for summary judgment. The court relied on its exclusion of Appellant's expert testimony in ruling that Appellant failed to set forth a prima facie case of medical malpractice. Indeed, the decisive factor in the court's decision was Appellant's inability to produce timely expert reports. The court reasoned that Appellant could not, "simply rest upon the allegations of medical negligence as stated in her complaint." To sustain her claim Appellant had a duty to come forward with competent evidence of malpractice. Since Appellant did not do so in a timely manner, the trial court dismissed her case. Based on the court's reasoning, however, it is clear that the court went beyond Appellant's complaint in formulating its decision. A decision that rests on the absence of evidence flows from a motion for summary judgment, not a motion to dismiss. To consider evidence outside Appellant's complaint, the court was required to convert Appellee's motion to dismiss and follow the procedure for summary judgment. See Marshal,81 Ohio St.3d at 470. Accordingly, the court erred in failing to follow this procedure.
 {¶ 25} Although the trial court properly sought to dispose of this case before trial, the court did not employ the correct mechanism. Having affirmed all *Page 11 
of the trial court's pretrial motions and order excluding Appellant's expert reports, this Court reverses and remands this case solely so that the trial court can employ the proper procedural mechanism for a summary judgment ruling. To the extent it relates to this limited purpose, Appellant's fourth assignment of error is sustained.
 III {¶ 26} Appellant's first, second, and third assignments of error are overruled. Appellant's fourth assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 12 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to all parties equally.
 SLABY, P. J. DICKINSON, J., CONCUR *Page 1