DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Cynthia Braden, has appealed from the judgment of the Summit County Court of Common Pleas. We affirm.
 I {¶ 2} This Court summarized the facts of this case in Braden v.Sinar, 9th Dist. No. 23656, 2007-Ohio-4527, at ¶ 1-13. Appellant, Cynthia Braden ("Braden"), first filed her medical malpractice claims against Dr. David Sinar and Appellee, Dr. Glenn Waddle, in October of 2004. Braden alleged malpractice based on the dental work that both doctors had performed for her. On December 1, 2004, Dr. Waddle moved for summary judgment, arguing that Braden could not produce expert testimony necessary to present a prima facie case of dental malpractice. On December 9, 2004, Braden voluntarily dismissed her case. Summit Cty. Case No. CV 2004-10-5914. *Page 2 
 {¶ 3} Braden refiled her pro se complaint on December 9, 2005 along with a "Motion for Extension of Time to File Expert's Affidavit." Dr. Waddle responded on January 12, 2006 with a motion to dismiss due to Braden's failure to file an affidavit of merit along with her complaint. Before the trial court responded to either motion, Braden filed a motion for a 60 day continuance of the pretrial hearing so that she could retain counsel. On March 6, 2006, the court granted the continuance and stayed all other pending motions and discovery until the status conference on May 1, 2006.
 {¶ 4} On April 26, 2006, Braden filed another "Motion for Extension of Time to File Affidavit of Merit" indicating that she would file an expert affidavit by June 7, 2006. Dr. Waddle opposed this motion, criticizing the delay in the proceedings. After the status conference on May 1, 2006, the trial court issued an order granting Braden an extension until June 5, 2006 to file an affidavit of merit. The court noted, however, that the extension was due to Braden's pro se status and personal problems. The court warned that Braden's failure to file the affidavit would result in the court granting Dr. Waddle's motion to dismiss.
 {¶ 5} On June 5, 2006, Braden filed two affidavits of merit as to Dr. Waddle only. Consequently, Dr. Sinar moved for summary judgment. Braden dismissed Dr. Sinar from the proceedings before the court's ruling.
 {¶ 6} On July 20th, the court issued its case management schedule setting the discovery cut off date on January 16, 2007 and trial on February 13, 2007. The order specifically provided that Braden, "shall disclose to [Dr. Waddle] a list of expert witnesses, with reports, [she] intends to call at trial by January 16, 2007." (Emphasis added). Although the schedule triggered a barrage of motions from both Dr. Waddle and Braden, the dates remained unchanged. *Page 3 
 {¶ 7} On September 7, 2006, Dr. Waddle filed a motion to dismiss for failure to prosecute citing Braden's refusal to respond to discovery, to comply with his motion to compel, and to attend her own deposition. Braden responded on September 19th by filing a "Motion to Extend Time to Respond to All Defendant's Motions." When Dr. Waddle opposed the motion, Braden filed another motion on October 11, 2006 seeking a ninety day continuance due to "health reasons."
 {¶ 8} While Braden's October 11th motion was still outstanding, Braden filed a motion for a protective order to delay her deposition and requested an "enlargement of all pre-trial dates" for at least three months and "to enlarge the time for six months for trial, Discovery, and experts." Dr. Waddle vehemently sought a denial of Braden's motions, and on December 13, 2007, the court agreed to deny Braden's request for a protective order and enlargement of time.
 {¶ 9} On December 29th, however, Braden filed another motion to extend the period of discovery an additional 45 days. During the final pretrial on January 16th, the court met with the parties and verbally stated that it would not entertain any further motions for continuance. In its January 19th trial management order, the court formally denied Braden's motion to extend.
 {¶ 10} On February 5, 2007, Dr. Waddle filed a motion in limine to exclude Braden's expert witnesses because Braden failed to file any expert reports.
 {¶ 11} On February 8th, Braden filed a motion for continuance of trial for at least 180 days including a 120 day extension for completion of discovery. Braden explained that she had discussed her case with an attorney, and that he had agreed to represent her only if the court granted such an extension. Later that same day, Dr. Waddle filed a brief in opposition *Page 4 
and the court issued its order. The court first noted the numerous extensions Braden requested throughout the litigation and reminded Braden that it had cautioned her against proceeding pro se in a complicated malpractice action. The court then denied Braden's motion to continue and granted Dr. Waddle's motion in limine, "to exclude testimony of [Braden's] expert witnesses due to her flagrant disregard of the Court's order to provide expert reports to [Dr. Waddle] by January 16, 2007."
 {¶ 12} On February 12, 2007, the court cancelled the February 13th trial date, ordered Dr. Waddle to file a motion to dismiss, and ordered Braden to respond to the motion. The court specified that it refused to hear any other motions for continuance or reopening of discovery, but Braden filed a "Leave to Plead" so that she could submit expert reports from two new experts. In her February 22nd opposition to Dr. Waddle's motion to dismiss, Braden claimed confusion as to the January 16, 2007 expert report filing deadline. According to Braden, the court orally agreed to extend the filing deadline during pretrial and "since segments of the Case Management Schedule had not been followed in the past, she believed she had additional time to file." Braden concluded her motion by asking the court to "set a trial date far enough in the future" so that she could schedule depositions.
 {¶ 13} On February 28, 2007, the court denied Braden's "Leave to Plead" and granted Dr. Waddle's motion to dismiss. Braden timely appealed the court's judgment, and on September 5, 2007, we affirmed in part, reversed in part, and remanded to the trial court so that the trial court could employ the proper procedural mechanism for a summary judgment ruling. On September 25, 2007, the trial court ordered Dr. Waddle to file a summary judgment motion limited to the subject of whether Braden failed to set forth a prima facie case of medical malpractice. Braden responded to the motion, and on December 20, 2007, the trial *Page 5 
court granted Dr. Waddle's summary judgment motion. Braden timely appealed from this decision, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"[DR. WADDLE] WAS NOT ENTITLED TO SUMMARY JUDGMENT."
 {¶ 14} In her sole assignment of error, Braden contends that Dr. Waddle was not entitled to summary judgment. We do not agree.
 {¶ 15} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 16} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327
 {¶ 17} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ. R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id., at 293. The non-moving party may not rest upon the mere allegations and denials in the *Page 6 
pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 18} In the instant case, Dr. Waddle moved for summary judgment contending that because Braden was unable to introduce expert testimony critical of him as required by Ohio law, he was entitled to judgment as a matter of law. We first note that Dr. Waddle filed an affidavit claiming that he had not performed the type of surgery that would have caused the injuries of which Braden complained. We also note that on January 4, 2007, Dr. Waddle presented an expert report from Dr. L. Don Shumaker, DDS. Dr. Waddle stated that Dr. Shumaker was to testify at trial and in his report he stated that a review of the records in this case "demonstrate that Dr. Waddle met the standard of care and did not cause harm to Mrs. Braden." In his summary judgment motion, Dr. Waddle pointed to Braden's deposition and a letter from her physician to show that Braden had previously suffered from the injuries she was now claiming. In response, Braden was required to offer specific facts to show a genuine issue at trial. Braden relied on two expert reports that she had attached to her response to Dr. Waddle's motion for summary judgment.
 {¶ 19} "`Proof of malpractice, in effect, requires two evidentiary steps: evidence as to the recognized standard of the medical community in the particular kind of case, and a showing that the physician in question negligently departed from this standard in his treatment of plaintiff" Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 131, quotingDavis v. Virginian Ry. Co. (1960), 361 U.S. 354, 357. "The issue as to whether the physician or surgeon has proceeded in the treatment of a patient with the requisite standard of care and skill must ordinarily be determined from the testimony of experts." Rogoff v. King (1993),91 Ohio App.3d 438, 445. Further, Braden was required to prove causation via expert testimony. See *Page 7 
Id. Therefore, to prove the medical malpractice claim, Braden was required to provide expert testimony regarding the recognized medical standards and whether Dr. Waddle breached those standards. See Id. We find that Braden failed to provide expert testimony.
 {¶ 20} In her previous appeal, Braden argued, in part, that "the trial court erred to the prejudice of plaintiff-appellant by denying her motion for leave to submit expert reports." Braden, supra, at ¶ 13. We noted that the trial court gave Braden until January 16, 2007 to submit her expert reports and that she failed to comply. The record indicates that Braden filed several motions to continue the trial so that she could complete discovery. However, on February 8, 2007, the trial court denied Braden's motion for a continuance, thus not allowing her to file any expert reports. In our disposition of her previous case, we determined that the trial court did not abuse its discretion in denying Braden leave to file her expert reports. Therefore, any expert reports that Braden attempted to submit after the trial court's denial of a continuance were not properly before the court. Accordingly, the trial court was correct in disregarding the reports as attached to Braden's response to Dr. Waddle's summary judgment motion. Braden further relied on her affidavits of merit, filed on June 5, 2006. These affidavits were required filings under Civ. R. 10(D)(2) in order to establish the adequacy of the complaint. However, as Civ. R. 10(D)(2)(d) explains, the affidavits of merit "shall not otherwise be admissible as evidence[.]" As these affidavits do not "set forth such facts as would be admissible in evidence," the trial court correctly declined to consider them when granting Dr. Waddle's summary judgment motion. Civ. R. 56(E).
 {¶ 21} As Braden was required to prove her case through expert testimony, her mere assertions that Dr. Waddle committed medical negligence do not satisfy her burden to *Page 8 
rebut Dr. Waddle's summary judgment motion. See Id. Accordingly, we find that the trial court properly granted Dr. Waddle's motion. Braden's assignment of error is overruled.
 III. {¶ 22} Braden's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 Whitmore, J., Dickinson, J., concur. *Page 1