DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Christopher and Marcia Karwowski ("Karwowskis"), appeal the judgment of the Medina County Court of Common Pleas, which entered summary judgment in favor of Appellees, Granger Township Board of Trustees ("Trustees"), on all of the Karwowskis' claims. This Court affirms.
 I. {¶ 2} On March 8, 2005, the Trustees held a public hearing to address proposed amendments to the then current zoning text and map. The Trustees adopted the amendments as recommended by the township zoning commission with one modification. The modification moved the commercial zoning district north and altered the zoning designation of one property, the Karwowskis', changing it to R-1, all residential.
 {¶ 3} On April 4, 2005, the Karwowskis filed a verified complaint in the Medina County Court of Common Pleas challenging the validity of the amendment to the township *Page 2 
zoning scheme. On May 13, 2005, the Karwowskis filed an amended complaint. On June 10, 2005, the Trustees filed a Civ. R. 12(B)(6) motion to dismiss, and the Karwowskis filed a memorandum in opposition on July 1, 2005. The trial court denied the motion on August 17, 2005.
 {¶ 4} On March 23, 2006, the Trustees filed the first of two motions for summary judgment, and the Karwowskis filed a memorandum in opposition, as well as a counter motion for summary judgment on April 28, 2006. On May 11, 2006, the trial court denied both motions.
 {¶ 5} On May 24, 2007, the trial court, through journal entry, ordered and found that the Trustees' adoption of the zoning amendment was "made in accordance with Ohio law[,]" that "the zoning of the Karwowski property did not amount to an unconstitutional taking[,]" and that "the Karwowskis have not brought a proper taxpayer's lawsuit against the Granger Township Board of Trustees."
 {¶ 6} On June 15, 2007, the Trustees filed "Motion for leave to file Motion for Summary Judgment, Instanter[,]" and the Karwowskis filed a reply on June 20, 2007. On February 26, 2008, the trial court ruled on the Trustees' motion for summary judgment and held: "this Court finds that all the causes of action have now been ruled on and judgment granted to the Granger Township Board of Trustees[.]" The Karwowskis timely appealed, raising four assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN RULING THAT THE MODIFICATION BY THE GRANGER TOWNSHIP TRUSTEES OF THE PROPOSED TEXT AND MAP AMENDMENT ON MARCH 8, 2005 WAS LAWFUL." *Page 3 
 {¶ 7} The Karwowskis argue that the Trustees acted outside of the statutorily prescribed guidelines allowing for the amendment of zoning statutes, and, in turn, acted without legal authority. The Karwowskis further argue that the action should be remanded with an order stating that the Trustees violated statutory law in passing the new zoning regulations and that a hearing should be set to determine the damages sustained by the Karwowskis. However, this Court does not reach the merits of this argument because the Karwowskis do not have standing to bring this assignment of error.
 {¶ 8} "It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue." State ex rel. Ohio Academy of Trail Lawyers v.Sheward (1999), 86 Ohio St.3d 451, 469. "Under the common law, it is well settled that the right to appeal can be exercised only by those parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court." Willoughby Hills v. C.C. Bar's Sahara, Inc. (1992),64 Ohio St.3d 24, 26. Furthermore, an "[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purposes of settling abstract questions, but only to correct errors injuriously affecting the appellant." Id. quotingOhio Contract Carriers Assn., Inc. v. Pub. Util. Comm. (1942),140 Ohio St. 160, syllabus.
 {¶ 9} In the action before the court, the Karwowskis sold the property in question for $305,000 in August of 2006. Because of this, the validity of the amendments made to the Granger Township zoning scheme have no bearing on the Karwowskis or any of their property. Accordingly, the Karwowskis no longer have a present interest in whether the trial court erred in finding the amendments, as adopted, lawful. *Page 4 
 {¶ 10} For the above reasons, this Court declines to reach the merits on the Karwowskis' first assignment of error.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN RULING THAT THE KARWOWSKI'S [sic] DID NOT HAVE A VESTED RIGHT IN THEIR PROPERTY VALUE AND THAT THEIR PROPERTY WAS TAKEN."
 {¶ 11} The Karwowskis set forth two separate arguments in their second assignment of error. In their first argument, the Karwowskis aver that the trial court erred in refusing to find that they had a vested right in the original zoning designation of their former property. In their second argument, the Karwowskis argue that summary judgment was inappropriate as to the issue of whether the zoning regulation effectuated a taking of their property. This Court disagrees with both propositions.
 {¶ 12} "This Court reviews an award of summary judgment de novo."Braden v. Sinar, 9th Dist. No. 24056, 2008-Ohio-4330, at ¶ 15, citingGrafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Under Civ. R. 56, summary judgment is appropriate when, viewing the evidence in favor of the nonmoving party, "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party [.]" Zivich v. Mentor Soccer Club,Inc. (1998), 82 Ohio St.3d 367, 369-70.
 {¶ 13} "[A] land owner has no constitutional right to rely on an existing zoning ordinance so as to preclude any subsequent amendment[.]"Wyoga Realty Co. v. Akron (Apr. 22, 1981), 9th Dist. No. 9445. Furthermore, this Court recognized in Wooster v. Entertainment One,Inc., 158 Ohio App.3d 161, 2004-Ohio-3846, at ¶ 50, that "the Supreme Court of Ohio articulated *Page 5 
a standard for deciding whether a property owner has acquired a vested right to the use of his or her property[.]" In coming to this conclusion, this Court held:
 "[W]here no substantial nonconforming use is made of property, even though such use is contemplated, and money has been expended in preliminary work to that end, a property owner acquires no vested right to such use and is deprived of none by the operation of a valid zoning ordinance denying the right to proceed with his intended use of the property. [Smith v. Juillerat (1954), 161 Ohio St. 424,] 431. See, also, Torok v. Jones (1983), 5 Ohio St.3d 31, 33-34." Id.
In addition, a "failure to establish that a permitted use occurred prior to a change in the zoning law renders [the] use nonconforming, and eliminates the property owner's right to the use." Id. at ¶ 51.
 {¶ 14} In the case before this Court, the Karwowskis never used their former property for any commercial use. The Karwowskis point to the installation of a commercial grade driveway and the construction of a barn on the property to show that they made investments in order to potentially use their property for commercial uses. However, even if the installation of the driveway — which was used for deliveries of fill-dirt on their property — and the construction of the barn — which was used solely for the storage of the Karwowskis' property — were viewed as preparation and expenditures intended to facilitate commercial use, the Karwowskis' argument would still fail. The Karwowskis never asserted that they used their former property for any commercial use. In fact, during a deposition with the Trustees' counsel, Mr. Karwowski specifically admitted that they had never used the disputed property for commercial uses. Accordingly, the Karwowskis failed to establish that they used the property for commercial purposes prior to the re-zoning, and therefore, have no vested right in the partial commercial zoning of their former property under the old township zoning scheme. *Page 6 
 {¶ 15} Likewise, no taking was effectuated by the implementation of the amended zoning scheme.
 {¶ 16} The Supreme Court of Ohio has provided that the constitutional analysis of a zoning ordinance "necessarily begin[s] with the strong presumption that the ordinance is valid." Cent. Motors Corp. v. PepperPike (1995), 73 Ohio St.3d 581, 583-84. "The basis for the presumption of the validity of a zoning ordinance is that a local legislative body, because of its familiarity with the local conditions, is in a better position than the courts to assess the `character and degree of regulation required.'" Wooster at ¶ 19, quoting Hudson v. Albrecht,Inc. (1984), 9 Ohio St.3d 69, 71. Furthermore, the party challenging an ordinance's constitutionality bears the burden of proof, and must show "beyond fair debate" that the ordinance is unconstitutional.Goldberg Cos., Inc. v. Richmond Hts. City Council (1998),81 Ohio St.3d 207, 209. The Supreme Court of Ohio has found "that there is little difference between the `beyond fair debate' standard and the `beyond a reasonable doubt' standard [,]" and "[a] court may substitute its judgment for that of the local governing body only when a municipality exercises its zoning power in an arbitrary, confiscatory or unreasonable manner which violates constitutional guaranties." Cent. MotorsCorp., 73 Ohio St.3d at 584 (internal citations omitted).
 {¶ 17} The Supreme Court of Ohio has found that "a compensable taking can occur either if the application of the zoning ordinance to the particular property is constitutionally invalid, i.e., it does not substantially advance legitimate state interests, or denies the landowner all economically viable use of the land." (Emphasis omitted.)State ex rel. Shemo v. Mayfield Hts. (2002), 95 Ohio St.3d 59, 63. In coming to this holding, the Court adopted the rule of law from the United States Supreme Court which espoused this view in Agins v.Tiburon (1980), 447 U.S. 255, 260. Id. However, the United States Supreme Court has since held that "the *Page 7 
`substantially advances' formula announced in Agins is not a valid method of identifying regulatory takings for which the Fifth Amendment requires just compensation." Lingle v. Chevron U.S.A., Inc. (2005),544 U.S. 528, 545.
 {¶ 18} Despite the United States Supreme Court's ruling inLingle, the holding in Shemo has not yet been formally overruled. Nevertheless, the Karwowskis' takings claim fails regardless of whether the "substantially advances" formula is valid Ohio law.
 {¶ 19} The Karwowskis argue "that the Trustees violated R.C. 519.12, and that as such, the first prong of the Shemo constitutionality test revealed a taking in this matter, which has not been fairly and adequately compensated." In essence, the Karwowskis argue, without reference to any authority, that because the amendment to the zoning scheme was adopted unlawfully, no "legitimate state interest" was advanced. However, regardless of whether the Karwowskis' assertion of law is true, they fail to show beyond fair debate that the amendments to the former zoning scheme were "arbitrary, confiscatory or unreasonable" and amounted to a violation of constitutional guarantees under either prong of the test set forth in Shemo. See Cent Motor Corp., supra.
 {¶ 20} R.C. 519.12 sets forth the statutory framework within which a township zoning commission must work in order to make amendments to established zoning schemes. In order to amend a zoning scheme, the process "may be initiated by motion of the township commission," and also "by the passage of a resolution by the board of township trustees." R.C. 519.12(A)(1). Next, the zoning commission must set a date for a public hearing "not less than twenty nor more than forty days from the date of the certification of such a resolution," or "the date of adoption of such a motion[.]" R.C. 519.12(A)(2). If the amendment in question affects more than ten parcels of land, the commission must provide published notice that sets forth "the time, date, and *Page 8 
place of the public hearing" among other things. R.C. 519.12(D). After the hearing is held by the zoning commission, the commission has thirty days to make a recommendation on the proposed amendment. R.C. 519.12(E). Upon receiving the recommendation, the board of township trustees "shall set a time for a public hearing on the proposed amendment, which date shall not be more than thirty days from the date of receipt of that recommendation[,]" and "[n]otice of the hearing shall be given by the board by one publication in one or more newspapers of general circulation in the township, at least ten days before the date of the hearing." Id. Most importantly to the case at hand, the board of township trustees must then, within twenty days, "either adopt or deny the recommendations of the township zoning commission or adopt somemodification of them. If the board denies or modifies the commission's recommendations, the unanimous vote of the board shall be required." R.C. 519.12(H). (Emphasis added).
 {¶ 21} In the case before this Court, the zoning commission and the Trustees followed all of the notice requirements as set forth in R.C. 519.12, and even went beyond the requirements in mailing notifications to those affected, even though the statute only called for notice via publication in a local newspaper of general circulation. Likewise, the zoning commission and Trustees also fulfilled the requirements mandating the holding of public hearings for the proposed amendments. Lastly, the Trustees followed statutory guidance by accepting a modification of the proposed amendment by a unanimous vote. See R.C. 519.12(H). Having followed the strictures of R.C. 519.12, the Trustees acted in accordance with law in adopting the proposed amendments to the zoning scheme. *Page 9 
 {¶ 22} Additionally, the Karwowskis were eventually successful in selling their property for $305,000. Due to this fact, it is obvious that the Karwowskis were not "deprived of all economically viable use" of their land. Shemo, 95 Ohio St.3d at 63.
 {¶ 23} Accordingly, the Karwowskis failed to show beyond fair debate that the amendments to the zoning scheme passed by the Trustees violated either prong of the test adopted in Shemo and effectuated an unconstitutional taking of their property. The Karwowskis' second assignment of error is overruled.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT, DISMISSING THE KARWOWSKI'S [sic] CIVIL RIGHTS CLAIMS, ALLEGING DISCRIMINATION AND RETALIATION."
 {¶ 24} The Karwowskis argue that the trial court erred in granting summary judgment finding that the acts of the Trustees in modifying the proposed zoning amendment were not retaliatory or discriminatory. In addition, the Karwowskis argue that the Trustees were not entitled to the immunity afforded to those involved in legislative activities because the Trustees were not engaged in legitimate legislative activity. However, because the Trustees were engaged in legitimate legislative activity and enjoy immunity for such activity, this Court will not address the Karwowskis' claims involving discrimination and retaliation.
 {¶ 25} R.C. 2744.03(A)(1) provides:
 (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
 (1) The political subdivision is immune from liability if the employee involved was engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function." *Page 10 
Additionally, the United States Supreme Court has found "that [local] legislators are entitled to absolute immunity from suit under [42 U.S.C.] § 1983 for their legislative activities." Bogan v.Scott-Harris (1998), 523 U.S. 44, 49. Furthermore, "[w]hether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." Id. at 54. Moreover, this Court has found that "the adoption or amendment of a zoning regulation or application is a legislative act[.]" Gross Builders v. Tallmadge, 9th Dist. No. 22484, 2005-Ohio-4268, at ¶ 15, quoting Donnelly v. FairviewPark (1968), 13 Ohio St.2d 1, 3. However, in order to enjoy this privilege of immunity, the activity in question must be "in the sphere of legitimate legislative activity." (Internal citation omitted.)Bogan, 523 U.S. at 54.
 {¶ 26} In the case at hand, the Karwowskis argue that the Trustees acted improperly when they modified, and adopted as modified, the amendment to the township zoning ordinance proposed by the township zoning commission. Specifically, the Karwowskis allege that the "Trustees utilized the zoning process as a discriminatory bludgeon to strike and injure the Karwowski's [sic]," in retaliation for their engagement "in constitutionally protected activity" under42 U.S.C. 1983. As noted above, it is well established in Ohio that such activity is legislative in nature. See Gross at ¶ 15. Furthermore, because the activity the Trustees were engaged in was legislative, they enjoy immunity both statutorily under R.C. 2744.03(A)(1), and under the common law. See Bogan, 523 U.S. at 49. Lastly, the motive or intent of the Trustees in adopting the amendments to the township zoning scheme is irrelevant and need not be addressed under an immunity analysis. See Id. at 54.
 {¶ 27} Accordingly, the Karwowskis' third assignment of error is overruled. *Page 11 
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ASSERTING THAT THE APPELLANTS COULD NOT BRING THEIR ACTION PURSUANT TO TAXPAYER'S SUIT."
 {¶ 28} The Karwowskis argue that the trial court erred in finding that they failed to establish their right to bring the current action as a taxpayer's suit.
 {¶ 29} Under Ohio law individuals are afforded the ability to bring actions based in taxpayer standing through statute and under the common law. "[L]ongstanding Ohio law does recognize that a taxpayer with a `special interest' in particular public funds has standing to seek equitable relief in a court of equity to remedy a wrong committed by public officers in the management of those funds." State ex rel. Dann v.Taft, 110 Ohio St.3d 252, 2006-Ohio-3677, at ¶ 9. In addition, R.C. 733.59, allows for taxpayers to "institute suit in his own name, on behalf of the municipal corporation." However, "for a taxpayer to maintain an action under R.C. 733.59, the `aim must be to enforce a public right, regardless of any personal or private motive or advantage.'" State ex rel. Fisher v. Cleveland, 109 Ohio St.3d 33,2006-Ohio-1827 at ¶ 12, quoting State ex rel. Caspar v. Dayton (1990),53 Ohio St 3d 16, 20.
 {¶ 30} In the case at hand, the Karwowskis have not challenged the expenditure or management of any funds in which they have a special interest, but rather have challenged the adoption of an amendment to a zoning scheme. Due to this, the Karwowskis cannot properly claim taxpayer standing under the common law. Likewise, the Karwowskis fail to establish taxpayer standing under R.C. 733.59 because their interest in the action is not for the benefit of the public at large; rather their interest in having the changes made to the zoning ordinance would be solely for their benefit. Thus, the Karwowskis failed to establish taxpayer standing *Page 12 
under both R.C. 733.59 and the common law. Accordingly, the Karwowskis' fourth assignment of error is overruled.
 III. {¶ 31} The Karwowskis' second, third, and fourth assignments of error are overruled. The merits of the Karwowskis' first assignment of error were not addressed for lack of standing. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
 WHITMORE, J. DICKINSON, J. CONCUR *Page 1