[Cite as *Demczyk v. Steamatic of Northeast Ohio, Inc.*, 2011-Ohio-1910.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL V. DEMCZYK,<br>BANKRUPTCY TRUSTEE | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| -vs- | Case No. 2010CA00117 |
| STEAMATIC OF NORTHEAST OHIO,<br>INC., ET AL. | O P I N I O N |
| Defendants-Appellees | |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
Common Pleas, Case No. 2009CV02702

JUDGMENT:      Affirmed in part; Reversed in part
and remanded

DATE OF JUDGMENT ENTRY:      April 18, 2011

APPEARANCES:

For Plaintiff-Appellant
Michael V. Demczyk,
Bankruptcy Trustee

EDWARD J. HEBEN, JR.
Heben & Associates, LLC
3740 Euclid Avenue
Cleveland, Ohio 44115

For Defendant-Appellee
Farmers Insurance of Columbus, Inc.

THOMAS F. GLASSMAN
MATTHEW J. SMITH
Smith, Rolfes & Skavdahl, Co., L.P.A.
600 Vine Street, Suite 2600
Cincinnati, Ohio 45202

And

For Defendant-Appellee
Steamatic of Northeast Ohio

MEL L. LUTE, JR.
Baker, Dublikar, Beck, Wiley & Mathews
400 South Main Street
North Canton, Ohio 44720

*Hoffman, J.*

{¶1}   Plaintiff-appellant Michael V. Demczyk, Bankruptcy Trustee, appeals the April 15, 2010, May 27, 2010, and July 6, 2010 judgment entries entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of defendant-appellees Steamatic of Northeast Ohio, Inc. and Farmers Insurance of Columbus, Inc.

STATEMENT OF THE FACTS AND CASE[1]

{¶2}   Much of Appellant's Statement of the Case and Statement of the Facts consists of his expressing his legal conclusions, arguments and speculations rather than providing this Court with a straight forward rendition of the procedural posture of the case and facts.

{¶3}   Timothy D. and Suzette M. Schuller were the owners of a home located at 9630 Hocking Street, N.W., in Canton, Ohio.  They had homeowner's insurance through Farmers.  In 1996, the Schullers reported to Farmers their home had sustained damage as a result of a water leak from the dishwasher.  Farmers investigated the claim and determined such was a covered loss, and issued payment to the Schullers, totaling of

---

[1] Appellant's Brief violates Rule 9(C) of the Local Rules of the Fifth Appellate District when read in conjunction with App. R. 16(A) and (D). Appellant requested leave to increase the page limit, which was denied by this Court via Judgment Entry filed September 24, 2010. Appellant has attempted to circumvent that ruling by placing his references to the record and case citations in the Appendix attached to his Brief.  Had the references and case citations been included in the body of the Brief, as required by App. R. 16(A), Appellant would have reached the page limit at the end of page 22. Individually as author of this Opinion, I would not have entertained any material presented after page 22.  For the same reason, I would not have considered any material presented after page 12 of Appellant's Reply Brief.  However, because my colleagues elect to consider those material, I address them herein.

$3997.23, under the policy's structured coverage.  The Schullers used the insurance proceeds to repair the damage to the floor.

{¶4}  Subsequently, in April, 2002, the Schullers submitted a second claim to Farmers for damage to the home resulting from the same dishwasher leak, after discovering toxic black mold in the home.  Farmers investigated the second claim and determined it to be a covered loss.  Farmers paid the Schullers a total of $78,548.45. Of this amount, $34,465.91 was allocated to the home's structure; $27,916.56, to content; and $16,165.98, for additional living expenses.  The Schullers ultimately chose Steamatic as the company to undertake remediation work.

{¶5}  On January 16, 2004, the Schullers filed their original complaint against Steamatic and Farmers.  On the same day, the Schullers also filed a Petition for Bankruptcy in the United States Bankruptcy Court, Northern District of Ohio.  The Schullers subsequently filed an Amended Complaint, naming Michael Demczyk, the Bankruptcy Trustee as well as their minor children, as additional plaintiffs.  The Amended Complaint asserted claims of breach of contract, breach of covenant of good faith and fair dealing, and negligence.  The parties eventually filed a stipulation of voluntary dismissal on April 21, 2005.

{¶6}  On April 18, 2006, the Schullers and their minor children refiled the Complaint against Steamatic, Farmers, DMZ Remodeling and Restoration, Inc., and Greg Mang.[2]  Farmers moved for summary judgment on May 4, 2007, arguing the Schullers did not have standing to file the lawsuit based upon the bankruptcy filing.  In

---

[2] DMZ and Mang are not parties to this appeal.

an agreed judgment entry filed June 19, 2007, the Schullers filed their first Amended Complaint, naming Appellant and their minor children as party plaintiffs.

{¶7} Steamatic served Appellant and the Schullers with request for admissions on April 24, 2008. The trial court deemed said request admitted as neither Appellant nor the Schullers responded to such. Farmers filed a Motion for Summary Judgment on June 2, 2008, and a Motion to Compel Discovery on June 9, 2008. The trial court set a briefing schedule with regard to the dispositive motions, and granted Appellant and the Schullers an extension of time in which to file responses. On July 14, 2008, prior to filing responses to the motion for summary judgment and motion to compel, Appellant and the Schullers filed a notice of voluntary dismissal without prejudice.

{¶8} On July 13, 2009, Appellant and the Schuller children refiled their Complaint. Upon motion of the defendants, the trial court incorporated all discovery in the prior cases into the most recently filed case. Farmers filed a Motion for Summary Judgment on February 8, 2010. Steamatic filed a Motion for Summary Judgment on February 16, 2010. Appellant filed his responses on March 22, 2010. On April 2, 2010, Appellant filed supplemental affidavits in support of his responses to the motions for summary judgment. Appellant submitted the Affidavit of Greg Mang of DMZ and Andrew Smith of A & S Construction. Smith averred the Schullers had contracted him in 2002, to perform construction services in their kitchen. Smith added Farmers convinced him not to do the work as the Schullers were going bankrupt and their home was in foreclosure. Farmers filed a motion to strike the supplemental affidavits as being untimely filed. The trial court granted Farmer's motion to strike, and denied Appellant's request for leave to file the supplemental affidavits. Via Judgment Entry filed April 15,

2010, the trial court granted summary judgment in favor of Farmers and Steamatic on all of Appellant's claims.

{¶9}    Appellant filed a timely Notice of Appeal to this Court.  On May 14, 2010, Appellant filed a motion to vacate judgment pursuant to Civ.R. 60(B), and to correct and amend Exhibit 6 attached to his motion for summary judgment, which is the Report of Appellant's expert Ronald Wright of R.V. Baric Construction Consultants.  Appellant sought relief on the basis of excusable neglect.  A clerical error caused three pages of the expert's report to be left out of his motion for summary judgment.  Via Judgment Entry filed May 27, 2010, the trial court granted Appellant's motion to vacate judgment, and to correct and amend Exhibit 6.  In the same judgment entry, the trial court again granted summary judgment in favor of Appellees.  Steamatic and Farmers filed briefs in opposition to Appellant's 60(B) Motion on May 27, 2010, and May 28, 2010, respectively.  Via Judgment Entry filed July 6, 2010, the trial court again granted Appellant's 60(B) Motion, and again granted summary judgment in favor of Steamatic and Farmers.

{¶10} It is from the April 15, May 27, and July 6, 2010 Judgment Entries Appellant appeals, raising the following assignments of error:

{¶11} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED APPELLEE FARMERS INSURANCE OF COLUMBUS, INC.'S MOTION FOR SUMMARY JUDGMENT.

{¶12} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED APPELLEE FARMERS INSURANCE OF COLUMBUS, INC.'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL AFFIDAVITS IN SUPPORT OF PLAINTIFF'S

RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DENIED APPELLANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVITS.

{¶13} "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED APPELLEE STEAMATIC OF NORTHEAST OHIO, INC.'S MOTION FOR SUMMARY JUDGMENT."

I

{¶14} In his first assignment of error, Appellant contends the trial court erred in granting summary judgment in favor of Farmers.

{¶15} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶16} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶17} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v.*

*Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

{¶18} In the instant action, the trial court granted summary judgment in favor of Farmers based upon several findings. First, the trial court found Appellant was judicially estopped from asserting the Schullers' claims against Farmers because Appellant, in his Report of the Trustee filed in the bankruptcy proceeding, indicated said claims were without any merit. Next, the trial court found Appellant lacked standing to assert the

within action on behalf of the Schullers as all of the Schullers' liabilities to creditors were extinguished through the bankruptcy discharge. Further, the trial court found, assuming Appellant had standing, there was no evidence of recoverable damages. Finally, the trial court found, assuming Appellant had standing and there was evidence of recoverable damages, there was no evidence Farmers breached the contract or acted in bad faith.

{¶19} We address each in turn.

{¶20} The trial court found Appellant was judicially estopped from bringing the instant action against Farmers as Appellant had previously found the claims to be without merit.

{¶21} The doctrine of judicial estoppel precludes a party from asserting a position in a legal proceeding inconsistent with one previously asserted. *Bruck v. Mason* (1992), 84 Ohio App.3d 398, 400.

{¶22} While we find Farmers' argument regarding judicial estoppel compelling, we, nonetheless, find the trial court erred in granting summary judgment on this ground. Farmers did not assert this argument in its February 8, 2010 Motion for Summary Judgment. A trial court is not permitted to base its decision to grant summary judgment upon an argument which was not asserted in the summary judgment motion. *Battin v. Trumbull County*, 11th App. No.2000-T-0091, 2002-Ohio-5162. Accord: *Butler v. Harper*, 9th App. No. 21051, 2002-Ohio-5029; *Hollinghead v. Bey* (July 21, 2000), 6th App. No. L-99-1351, unreported.[3]

---

[3] Although Farmers may have raised the issue in its pleadings in the previously dismissed cases, it did not do so in the case sub judice. While discovery from those

{¶23} We, likewise, find the trial court erred in granting summary judgment on the ground Appellant lacked standing. Farmers did not assert lack of standing in its February 8, 2010 Motion for Summary Judgment; therefore, the trial court was not permitted to base its decision on such argument. Furthermore, based upon Farmers' assertion in the prior cases, it may be judicially estopped from asserting the trustee lacks standing in the case sub judice.

{¶24} The trial court also granted summary judgment in favor of Farmers on the additional ground that there was no evidence of recoverable damages. Upon review of the entire record in this matter, we find a genuine issue of material fact exists as to the amount of damages sustained by the Schullers. Although all of the Schuller's liabilities to creditors were discharged through the bankruptcy proceeding, the possible amount of damages recoverable by the Schullers could potentially exceed the amount of debt discharged in bankruptcy. To say there were no recoverable damages is speculative. Accordingly, we sustain Appellant's assignment of error as to Appellant's breach of contract claim.

{¶25} The trial court further determined summary judgment was appropriate as Appellant failed to present evidence Farmers acted in bad faith in dealing with the Schullers. In *Zoppo v. Homestead Ins.* Co. (1994), 71 Ohio St.3d 552, the Ohio Supreme Court held: "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefore." Id. at syllabus, para. 1.

---

prior cases were deemed part of this record, we find no similar agreement as to incorporation of prior pleadings.

**{¶26}** The trial court properly found Farmers did not blatantly refuse to provide coverage under the policy. Rather, Farmers paid over $78,000, to or on behalf of the Schullers following the April, 2002 dishwasher malfunction. Farmers investigated and reopened the 1996 claim. Appellant does not dispute these facts. Rather, Appellant asserts Farmers did not pay the Schullers the full value of the claim. According to Appellant, Farmers refused to provide the Schullers with sufficient "Additional Living Expenses" and they were forced to purchase successively more expensive homes. As a result, the Schullers were unable to afford their mortgage payments and ultimately ended up in bankruptcy.

**{¶27}** The Farmers' policy provided for Additional Living Expenses "for the shortest time needed to (a) repair or replace the damaged property, or (b) permanently relocate * * *". Farmers paid Additional Living Expenses, which in part were used to pay housing rent, until the Schullers relocated. Although Appellant claims the Schullers were forced to purchase a home because Farmers would not accept any of their proposed rentals, the record does not support this assertion. The owners of the first home the Schullers wished to rent would not rent the residence, but only sell it. The Schullers themselves decided to purchase the home. They subsequently purchased a third home, taking a loss on the second home. These financial decisions were not the result of any actions or inactions by Farmers. Accordingly, we find the trial court properly granted summary judgment on Appellant's bad faith claim.

**{¶28}** Appellant's first assignment of error is sustained in part and overruled in part.

II

{¶29} In his second assignment of error, Appellant maintained the trial court erred in granting Farmers' motion to strike supplemental affidavits, and in denying Appellant's motion for leave to file supplemental affidavits.

{¶30} The decision to grant or deny a continuance rests within the sound discretion of the trial court. *State v. Unger* (1981), 67 Ohio St.2d 65, 67. The term "continuance" applies to continuances of deadlines as well as trial dates. See, *Braden v. Sinar*, 9th Dist. App. No. 23656, 2007-Ohio-4527. An appellate court may reverse the trial court's decision if it amounts to an abuse of discretion. *Id.* An abuse of discretion is more than an error in judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Freeman v. Crown City Mining, Inc.* (1993), 90 Ohio App.3d 546, 552.

{¶31} On February 23, 2010, the trial court granted Appellant until March 22, 2010, to file his response to Farmers' and Steamatic's motions for summary judgment. Appellant filed his response with supporting exhibits on March 22, 2010. Subsequently, on April 2, 2010, Appellant filed the affidavits of Greg Mang, president of former defendant DMZ, and Andrew Smith, whom Appellant states he was unable to locate until after the settlement with DMZ. Farmers filed a motion to strike. Thereafter, Appellant filed a motion for leave to file the affidavits on April 9, 2010. The trial court granted Farmers' motion to strike and denied Appellant's request for leave.

**{¶32}** In light of the protracted procedural history of this matter, we find the trial court did not abuse its discretion in striking Appellant's untimely affidavit.

**{¶33}** Appellant's second assignment of error is overruled.

III

**{¶34}** In his final assignment of error, Appellant contends the trial court erred in granting summary judgment in favor of Steamatic on Appellant's negligence claim. Appellant submits the fifth cause of action in his Complaint alleged breach of contract against Steamatic, not negligence. We find whether the Complaint sounded in breach of contract or negligence against Steamatic is irrelevant as the trial court properly granted summary judgment against Appellant. Our reasons follow.

**{¶35}** Evidence presented established the mold and remediation work performed by Steamatic in 2002, was in accordance with environmental protocol developed by the EA Group, and the work satisfied the safe habitability threshold. In her deposition, Suzette Schuller stated Steamatic did not follow the remediation protocol set forth by the EA Group. Although Steamatic failed to pass the EA Group's safe habitability threshold based upon initial air quality samples, a subsequent test of air quality samples satisfied the threshold. The Schullers' home was safe to occupy following Steamatic's remediation work; therefore, Appellant is unable to establish Steamatic either breached its contract with the Schullers or negligently performed the remediation work.

**{¶36}** Based upon the foregoing, we find the trial court did not err in granting summary judgment in favor of Steamatic.

**{¶37}** Appellant's third assignment of error is overruled.

{¶38} The judgment of the Stark County Court of Common Pleas is affirmed in part, reversed in part and remanded.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MICHAEL V. DEMCZYK                                    :
BANKRUPTCY TRUSTEE                                    :
                                                     :
    Plaintiff-Appellant                              :
                                                     :
-vs-                                                 :          JUDGMENT ENTRY
                                                     :
STEAMATIC OF NORTHEAST OHIO,                          :
INC., ET AL.                                         :
                                                     :
    Defendants-Appellees                             :          Case No. 2010CA00117


For the reasons stated in our accompanying Opinion, the judgment of the Stark

County Court of Common Pleas is affirmed in part, reversed in part and remanded for

further proceeding in accordance with our Opinion and the law.

Cost assessed equally.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE